UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE and JOHN DOE,<br>　　　　Plaintiffs,<br>　v.<br>IVO TANKU TAPANG,<br>　　　　Defendant. | Case No. 18-cv-07721-NC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; ORDERING THE DEFENDANT TO ANSWER THE COMPLAINT**<br><br>Re: Dkt. No. 9 |

Plaintiffs Jane Doe and John Doe bring claims for wrongful death, RICO conspiracy, and aiding and abetting terrorism on behalf of themselves and others similarly situated against defendant Ivo Tanku Tapang for the deaths of their parents, children, and siblings resulting from Tapang's alleged terrorist activity in Cameroon. Dkt. No. 1. Plaintiffs move for default judgment or, in the alternative, service by publication as they have failed to successfully serve Tapang. Dkt. No. 9. Because the Court finds that the *Eitel* factors do not weigh in favor of granting default judgment, the motion for default judgment is DENIED. Finding that Tapang has actual notice of this case, the Court finds that the plaintiffs have substantially performed in attempting to serve Tapang and he is therefore ORDERED to respond to the complaint.

**I.    Background**

Plaintiffs allege that Tapang is the spokesperson for the Ambazonia Defense Forces, the official military wing of a Cameroonian separatist movement that has committed

terrorist acts of kidnapping, harming, and killing innocent civilians. Dkt. No. 1 (Complaint) at 4. They bring causes of actions for personal injury, wrongful death, conspiracy, acts of international terrorism, and negligent infliction of emotional distress. *Id.* at 1. Plaintiffs allege that Tapang resides in San Jose, California. *Id.* at 7.

Over the course of three weeks in February 2019, plaintiffs hired a process server to serve the complaint on Mr. Tapang six separate times. Dkt. No. 9, Ex. A. The proof of service states that the summons was returned unexecuted because of "unsuccessful service – no answer," and on each occasion the server states that "there was no answer and no activity." *Id.* These attempts at service took place at a residential address in San Jose that the plaintiffs identified as Tapang's home using a skip tracing report. Dkt. No. 9, Ex. B.

Plaintiffs allege that Tapang has posted multiple times about this case on Facebook and has called the personal cell phone of plaintiffs' counsel on numerous occasions to discuss the suit. Dkt. No. 9, Att. 1 (Nsahlai Declaration), ¶¶ 6–8. Counsel for Tapang specially appeared in this case in early April 2019. Dkt. No. 12.

## II.     Motion for Default Judgment or Service by Publication

Plaintiffs move for default judgment or, in the alternative, service by publication. Dkt. No. 9. The first question before the Court is whether plaintiffs' service was reasonably diligent under Cal. Civ. Proc. Code § 415.20(b).

### A. Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), when a defendant fails to timely answer a complaint, the plaintiff may move for default judgment. Granting default judgment is within the court's discretion. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In exercising this discretion, the Court looks to the following factors:

(1) the possibility of prejudice to the plaintiff,
(2) the merits of the plaintiff's substantive claim,
(3) the sufficiency of the complaint,
(4) the sum of money at stake in the action,
(5) the possibility of a dispute concerning material facts,
(6) whether the default was due to excusable neglect, and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring deciding on the merits.

2

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Under the sixth factor, the court considers whether the defendant's failure to respond to the summons is due to excusable neglect, i.e., whether the service of process was proper. *See, e.g., Pepsico, Inc., v. Cal. Security Cans*, 238 F.Supp.2d 1172 (C.D. Cal. 2002).

A U.S. District Court applies the law of the state in which it is located when determining sufficiency of service. *See* Fed. R. Civ. P. 4(e). Here, the Court analyzes the sufficiency of the service under California law. *Id.* Cal. Civ. Proc. Code § 415.20(b) states that personal service must be attempted with "reasonable diligence before substitute service is appropriate." Cal. Civ. Proc. Code § 415.20(b). The legislature's deliberate preference for personal service "must be obeyed by requiring strict compliance with the provision requiring reasonable diligence to accomplish personal service before a secondary means of service is permitted." *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Ct. App. 1979). Substitute service is permissible "only after a good faith effort at personal service has first been made." *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011).

The court must assess the reasonable diligence of service on a case-by-case basis: "no single formula nor mode of search can be said to constitute due diligence in every case." *Evartt*, 89 Cal. App. 3d at 801. "[T]he burden is on the plaintiff to show that the summons and complaint cannot with reasonable diligence be personally delivered to the individual defendant." *Am. Exp. Centurion Bank*, 199 Cal. App. 4th at 389

Personal service is preferred so strongly because it is "the most likely to ensure actual notice to the defendant." *Bd. of Trustees of Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 336 (2013). Service of process statutes may be liberally construed, but only "if actual notice has been received." *Am. Exp. Centurion Bank*, 199 Cal. App. 4th at 392. A plaintiff may be excused for substantial, but not full, compliance with the service of process statute when "the service relied upon by the plaintiff imparted actual notice to the defendant that the suit was pending and that he was bound to defend." *Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 855 (2009).

**B. Analysis**

**1. The Service Substantially Complied with Reasonable Diligence**

The Court considers whether the service of process in this case was reasonably diligent under Cal. Civ. Proc. Code § 415.20(b) and whether service by publication is appropriate. In California, service by publication is only appropriate if the party to be served "cannot with reasonable diligence be served in another manner." Cal. Civ. Proc. Code § 415.20(a).

Here, plaintiffs' process server made six attempts at reaching Tapang. Dkt. No. 9, Ex. A. At each visit, the process server received no answer and, on one occasion, noted that the lights were off inside the house. *Id.* This is the only admissible evidence presented by plaintiffs of their service attempts. Plaintiffs accuse Tapang of "run[ning] away and hid[ing] when process servers show up at his door, turn[ing] off his lights, hid[ing] behind doors, and not respond[ing] to knocks on his door" and state that Tapang "hid and turned off the lights each time [the process servers] showed up in the evening or other times." Dkt. No. 9 at 3. Plaintiffs have not submitted a declaration from a process server indicating that any of this occurred. The proof of service only states that there was "no answer and no activity" at the home. Dkt. No. 9, Ex. A. Plaintiffs appear to stretch the facts in their exaggerated and unsupported description of Tapang's response to their service attempts.[1]

Had the defendant not appeared in this action, the Court would find that these service attempts were insufficient and that substitute service methods are not appropriate because the plaintiffs have not shown that Tapang could not be served in another manner. Cal. Civ. Proc. Code § 415.20(a).

---

[1] Additionally, plaintiffs submit lengthy discussion and supporting materials regarding Cameroonian politics, Tapang's alleged social media activity, and other background information. Dkt. No. 9. This content is largely irrelevant to the motion. Further, much of the extraneous evidence is inadmissible because the Court has no way to verify who authored the social media posts and text messages that plaintiffs attribute to Tapang. As the Court encouraged in the hearing on this matter, the parties are reminded to provide only legal argument and relevant facts in their motions and avoid voluminous unnecessary detail. Dkt. No. 17.

However, the Court may excuse the plaintiffs for incomplete compliance with the service of process statute when their service attempts imparted actual notice to the defendant. *Carol Gilbert, Inc.*, 179 Cal. App. 4th at 855. Here, Mr. Tapang has retained counsel and has appeared in this action. Dkt. No. 15. Even without looking to the other materials plaintiffs have submitted to indicate Tapang's awareness of the suit, such as Facebook videos attributed to Tapang discussing it, this appearance is enough to show that Tapang has actual notice that the suit is pending and that he is bound to defend it. Because of Tapang's actual notice, the Court finds that the plaintiffs substantially complied with the service of process statute by attempting on six different occasions to serve Tapang at the residential address identified by the skip tracing report. Cal. Civ. Proc. Code § 415.20(b).

### 2. The *Eitel* Factors Weigh Against Granting Default Judgment

The Court finds that the other *Eitel* factors weigh against granting default judgment. *Eitel*, 782 F.2d at 1471–72. The plaintiffs will not be prejudiced by denying their motion for default judgment because the defendant has appeared and they will have the opportunity to litigate their claims. The plaintiffs' substantive claims are at this point not obviously meritorious, especially given that Tapang has disputed some material facts as alleged in the complaint. Dkt. No. 14 at 3. Because of the strong public policy preference for deciding on the merits, here it is not appropriate to grant default judgment when Tapang can litigate this action.

### III. Conclusion

Because the *Eitel* factors weigh against granting default judgment, the plaintiffs' motion for default judgment is DENIED. Because the Court has found that service on Tapang was sufficient, he must respond to the complaint within 14 days, by **May 6, 2019.**

**IT IS SO ORDERED.**

Dated: April 22, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

5