J. CURTIS EDMONDSON (SBN 236105)
EDMONDSON IP LAW
3699 NW John Olsen PL.
Hillsboro, OR 97124
Ph:(503) 336-3749
Fax: (503) 428-7418
Email: jcednondson@edmolaw.com
www.edmolaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JANE DOE and JOHN DOE,
Plaintiffs,


        v.

Ivo Tanku Tapang, Defendant;

**Case No.: 18-cv-07721-NC**

TAPANG'S ANSWER TO THE FIRST
AMENDED COMPLAINT (DOCKET
41)

Judge: Hon. Nathanael Cousins
Courtroom 5

## ANSWER TO THE FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1. With regard to paragraph 1 of the Introduction, Defendant IVO TAPANG ("Tapang")  has no knowledge or information about the allegations in paragraph 1 and the events described and therefore denies the same.  Tapang also expressly denies that he is a "terrorist".

### NATURE OF ACTION

2. With regard to paragraph 1 of the Nature of Action, Defendant IVO TAPANG ("Tapang")  has no knowledge or information about the allegations in

paragraph 1 and the events described and therefore denies the same.  Tapang also has no knowledge about the identities of Jane Doe or John Doe.

3. With regard to paragraphs 2-6  of the Nature of Action, these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law, if these are factual allegations, then Tapang has no knowledge or information about the allegations in paragraphs 2-6 and the events described and therefore denies the same.   Tapang denies allegations of the document as referenced in the footnote.

4. With regard to paragraphs 7-8 of the Nature of Action, Tapang has no knowledge or information about the allegations in paragraphs 7-8 and the events described and therefore denies the same.   Tapang denies allegations of the document as referenced in the footnote.

5. With regard to paragraph 9 of the Nature of Action, Tapang has no knowledge or information about the allegations in paragraph 9 and the events described and therefore denies the same.   Tapang denies allegations of the document as referenced in the footnote.

6. With regard to paragraph 10 of the Nature of Action, Tapang has no knowledge or information about the allegations in paragraph 10 and the events described and therefore denies the same.   Tapang denies allegations of the document as referenced in the footnote.  Further, Defendant Does 1-10 are no longer parties.

7. With regard to paragraph 11 of the Nature of Action, Tapang has no knowledge or information about the allegations in paragraph 11 and the events described and therefore denies the same.

8. With regard to paragraphs 12-16 of the Nature of Action, Tapang has no knowledge or information about the allegations in paragraphs 12-16 and the events

described and therefore denies the same.  Tapang denies allegations of the document as referenced as "Exhibit 8".  Further, Defendant Does 1-10 are no longer parties.

## THE PARTIES

9.   With regard to paragraphs 17-22 of the "The PARTIES", Defendant IVO TAPANG ("Tapang") has no knowledge or information about the allegations in paragraphs 17-22 and the events described and therefore denies the same.  Tapang also has no knowledge about the identities of Jane Doe or John Doe and they are fictions.  Tapang denies allegations of the document as referenced as "Exhibits". Further, portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

10.  With regard to paragraph 23, these allegations are legally inoperative per this Court's order at Docket 52.

11.  With regard to paragraph 24, Tapang admits he is an individual, but no knowledge or information about the remaining allegations.

12.  With regard to paragraphs 25-26, these allegations are legally inoperative per this Court's order at Docket 52.


## JURISDICTION AND VENUE

13.     With regard to paragraphs 27-34, Tapang consents to the jurisdiction of this Court, without waiver of right to move to change venue.  Tapang denies all factual allegations, in particular, those factual allegations regarding terrorism. Certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

**STANDING**

14.     With regard to paragraphs 35-40, Tapang disputes that Jane Doe and John Doe have standing to assert these claims.  Further, Jane Doe and John Doe are fictions, and as such non-existent entities cannot have standing to assert claims. Tapang denies all factual allegations, in particular, those factual allegations regarding terrorism.  Certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law. With regard to the allegations involving DOES 1-10 these allegations are legally inoperative per this Court's order at Docket 52.

**II. FACTUAL ALLEGATIONS**

15.     With regard to paragraphs 41-59, these paragraphs appear to be a statement of facts and law that have no relevance to the claims at issue.   But to the extant the soliloquy contained in these paragraphs has any bearing on this case, Tapang denies all factual allegations. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

16.     With regard to paragraphs 60-72, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

17.   With regard to paragraphs 73-82, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

18.   With regard to paragraphs 83-89, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

19.   With regard to paragraphs 90-93, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

20.   With regard to paragraphs 94-96, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain

portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.  With regard to the allegations involving DOES 1-10 these allegations are legally inoperative per this Court's order at Docket 52.

21.   With regard to paragraphs 97-101, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.  With regard to the allegations involving DOES 1-10 these allegations are legally inoperative per this Court's order at Docket 52.

22.   With regard to paragraph 102, the allegations contained in these paragraphs are expressly denied.   With regard to the allegations involving DOES 1-10 these allegations are legally inoperative per this Court's order at Docket 52.

23.   With regard to paragraphs 103-109, the allegations contained in these paragraphs are expressly denied.  To the extent the exhibits are presented as a supporting such allegations, Tapang can neither admit nor deny, the authenticity of these exhibits., so Tapang denies the factual allegations. Further the "exhibits" appear to be hyperlink references, not the exhibits themselves. Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.  Tapang accepts Plaintiff's admission that he has interfered with his enjoyment of his Facebook account.  Tapang denies that Plaintiff;s have a right to a jury.

24.   With regard to paragraphs 110-127, (FIRST CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

25.   With regard to paragraphs 128-141, (SECOND CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

26.   With regard to paragraphs 142-144, (THIRD CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

27.   With regard to paragraphs 145-152, (FOURTH CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

28.   With regard to paragraphs 153-157, (FIFTH CAUSE OF ACTION), the allegations contained in these paragraphs are expressly denied.  With regard to paragraph 153 as incorporating by reference all prior paragraphs, Tapang denies all prior allegations and incorporates the prior denials.  Also, certain portions of these paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

30.   With regard to paragraphs 158-164, (SIXTH CAUSE OF ACTION), the allegations contained in these paragraphs are expressly denied.  With regard to paragraph 158 as incorporating by reference all prior paragraphs, Tapang denies all prior allegations and incorporates the prior denials.  Also, certain portions of these

paragraphs appear to be statements of law, and as such Tapang can neither admit or deny a conclusion of law.

31.    With regard to paragraphs 165-170, (SEVENTH CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

32.    With regard to paragraphs 171-175, (EIGHTH CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

33.    With regard to paragraphs 176-181, (NINTH CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

34    With regard to paragraphs 182-189, (TENTH CAUSE OF ACTION), the allegations are legally inoperative in view of this Court's Order of Dismissal at Docket 52, but notwithstanding these allegations and claims are expressly denied by Tapang.

35.    With regard to the "Prayer for Relief", Tapang requests this Court deny Jane Doe and John Doe's requested relief, both in terms and damages and in equity. Further Tapang denies that Jane Doe and John Doe are entitled to a jury trial.

## AFFIRMATIVE DEFENSES

1.      Jane Doe and John Doe's claims fail because they are not the beneficiaries to any actual or contingent interests of the estates of the decedents.

2.      Jane Doe and John Doe's claims fail because they have not had any actual injuries or their injuries, whether physical or economic, are *de minimus.*

3.      Jane Doe and John Doe's claims fail because they consented to the acts they complained of.

4.      Jane Doe and John Doe's claims fail because the civil war in the Cameroons is a political issue for which there is no remedy in the United States Federal Courts.

5.      Jane Doe and John Doe's claims fail because they are non-existent individuals.

6.      Jane Doe and John Doe's claims fail as the individuals involved were using reasonable force to protect themselves and protect others and the harm incurred by Jane Doe and John Doe was the

7.      Jane Doe and John Doe have failed to join all necessary parties.

8.      Jane Doe and John Doe's claims fail as they are agents of the Cameroonian government and this harm cannot be redressed in the context of the existing civil war.

9.      Jane Doe and John Doe's claims fail as this Court lacks jurisdiction to adjudicate claims arising out of a civil war in a foreign nation.

10.      Jane Doe and John Doe's claims fail as this Court lacks jurisdiction to adjudicate claims arising out of a civil war in a foreign nation.

11.      Jane Doe and John Doe's claims fail under the doctrine of "Acts of God" in that the injuries caused were due to human riot and/or conflict.

**ANSWER TO FIRST AMENDED COMPLAINT**

12.     Jane Doe and John Doe's failed to mitigate their damages by willfully venturing into a war zone.

13.     Tapang's actions were not the proximate cause of Jane Doe and John Doe's injuries.

14.     Jane Doe and John Doe's injuries were caused by the current Cameroonian government soldiers and/or other operatives working for the government.

15.     Tapang reserves the right to amend these affirmative defenses until and during trial as additional facts are learned during discovery and trial.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant respectfully prays and judgment entered as follows:

A. Jane Doe and John Doe's claims be denied in their entirety and take nothing;

B. Jane Doe and John Doe's injunctive relief be denied in their entirety;

C. Tapang is the prevailing party;

D. Tapang be entitled to statutory attorney fees, if allowable;

E. Tapang be entitled to costs of suit; and

F. Tapang be entitled to any other relief that this Court may allow.

Respectfully submitted,


Dated: <u>August 19, 2019</u>            /s/ J. Curtis Edmondson
                                        Attorney for Ivo Tapang

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on August 19, 2019, I electronically filed the foregoing  with

4

the Clerk of the Court using the ECF system which will send notification of such

5

filing to counsel of record.

6

7

    August 19, 2019

8

9

10

                              By:  /s/ J. Curtis Edmondson
11                                 Counsel for Defendant Ivo Tapang

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28